**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL INDICTMENT** |
| **v.** | **NO. 1:09-CR-320-TCB-GGB** |
| **GEORGE WASHINGTON DUNN and GRANT DECATUR ALLEN, JR.,** | |
| **Defendant.** | |

## FINAL REPORT AND RECOMMENDATION

George Washington Dunn and Grant Decatur Allen, Jr. (together "Defendants") are charged along with Jerry Chester[1] in a second superseding indictment. Defendants are charged in Count One with conspiracy to distribute cocaine. Defendants Chester and Allen are charged with a substantive drug offense (Count Two) and a related § 924(c) gun offense (Count Three) that allegedly took place on May 23, 2008; Defendant Chester is charged with a substantive drug offense that allegedly took place on February 3, 2009 (Count Six); Defendants Chester and Dunn are charged with a substantive drug offense (Count Seven) and a related § 924(c) gun offense (Count Eight) that allegedly took place on June 2, 2009. Defendants Chester and Allen are also

---

[1] Jerry Chester has never been apprehended.

charged with being convicted felons in possession of firearms. (Counts Four, Five and Nine)

Pending before this court are Defendant Dunn's Second Motion to Sever Defendant, Motion to Bifurcate Trial on Count Eight, and Motion in Limine to Exclude Testimony [Docs. 248, 249, and 250]. Also pending are Defendant Allen's Motion in Limine [Doc. 237] and the Government's Motion in Limine on Certain Trial Matters [Doc. 245]. Defendants waived any hearings. My rulings on these motions follow.

## I. **DEFENDANT DUNN'S SECOND MOTION TO SEVER DEFENDANT AND MOTION TO BIFURCATE TRIAL ON COUNT EIGHT**

In this motion, Defendant Dunn moves to sever his case from that of Defendant Allen, and to bifurcate the trial on Count Eight. His argument is not materially different from the argument he made to sever and bifurcate after the return of the first superseding indictment.[2] [Docs. 108 and 133]. The government states that its evidence

---

[2]Defendant Dunn asserts that the second superseding indictment includes six additional counts that allege offenses committed by co-defendants Chester, Zellner and Allen. In reality, the second superseding indictment did not add additional counts. Rather, it removed those counts solely charging Zellner, who has pleaded guilty, and renumbered the remaining counts. The second superseding indictment also added "aided and abetted" language in a number of the counts.

2

will show that all charges stem from the conspiracy charged in Count One. For that reason, and the other reasons set forth in my Report, Recommendation and Order of January 14, 2011, [Doc. 189], I recommend that these motions be denied.

## II. DEFENDANT DUNN'S MOTION IN LIMINE TO EXCLUDE TESTIMONY

In this motion, Defendant Dunn moves to exclude (1) the testimony of Detective Gordon M. Morrison, whom the government has apparently identified as a witness who will provide expert testimony on the practices of drug traffickers; and (2) the testimony of Grady Douglas about statements purportedly made to him by Defendant Dunn while both were incarcerated.

The Eleventh Circuit has affirmed the use of expert testimony from a DEA Special Agent about the structure and methods of drug trafficking organizations. See United States v. Garcia, 447 F.3d 1327 (11th Cir. 2006). However, the admissibility of such testimony is in the discretion of the district judge who will consider the qualifications of the witness, the helpfulness of the testimony and other factors under Fed.R.Evid. 702. Therefore, this motion is deferred to the district court.

With respect to the testimony of Grady Douglas, Defendant argues that Douglas is unreliable. On July 12, 2010, I held an evidentiary hearing on Defendant Dunn's motion to suppress Douglas's statements at which time Douglas testified. At the close

3

of the hearing Defendant Dunn declined to orally argue or brief his motion. I denied the motion to suppress in a Report and Recommendation filed on July 26, 2010 [Doc. 167]. While I continue to see no basis for this motion, it is deferred to the district court.

### III. DEFENDANT ALLEN'S MOTION IN LIMINE

Defendant Allen's motion argues that certain evidence should not be admitted at trial because it will be irrelevant, unfairly prejudicial, or hearsay. This motion is deferred to the district court. Defendant Allen says he will stipulate that he is a convicted felon for purposes of the charge of being a convicted felon in possession of a firearm. If he does so, his motion in limine regarding evidence of his conviction should be granted. See Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 650 (1997) (holding that, where defendant was willing to stipulate that he was a convicted felon for purposes of a felon in possession of a firearm prosecution, it was unduly prejudicial for the government to be permitted to introduce the prior conviction's order of judgment and commitment).

### IV. GOVERNMENT'S MOTION IN LIMINE ON CERTAIN TRIAL MATTERS

The government's motion in limine is deferred to the district court.

AO 72A
(Rev.8/82)

### III. CONCLUSION

In sum, I **RECOMMEND** that Defendant's Motion to Sever [Doc. 248] be DENIED, and his Motion to Bifurcate Trial [Doc. 249] be DENIED. All motions in limine [Docs. 237, 245, and 250] are DEFERRED to the district court.

There are no pending matters before me, and I am aware of no problems relating to the scheduling of this case for trial. It is therefore **ORDERED AND ADJUDGED** that this action be declared **READY FOR TRIAL**.

It is so **ORDERED** and **RECOMMENDED**, this  7th  day of September, 2011.

                                    _____
                                    GERRILYN G. BRILL
                                    UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)