IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CRIMINAL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:09-cr-320-TCB |
| GRANT DECATUR ) | |
| ALLEN, JR., and GEORGE ) | |
| WASHINGTON DUNN, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court are Judge Brill's Report and Recommendation (the R&R) [255], Defendant George Washington Dunn's objections thereto [258], the parties' motions in limine [237, 245, 250], and the Government's and Dunn's proposed voir dire questions [254, 263].  After careful consideration of the entire record, the Court hereby rules as follows:

(1) Dunn's objections to the R&R are OVERRULED, and the Court ADOPTS AS ITS ORDER the R&R and DENIES Dunn's motion to sever [248] and motion to bifurcate [249];

(2) Defendant Grant Decatur Allen, Jr.'s motion in limine [237] is DENIED for the reasons set forth in the Government's response in opposition thereto;

(3) Defendant Dunn's motion [250] in limine is DENIED for the reasons set forth in the Government's response in opposition thereto;

(4) The Government's motion in limine [245][1] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to part (a) for the reasons set forth in its brief in support and DENIED as to parts (b) and (d).

(5) The Court will not ask any of Dunn's proposed voir dire questions and SUSTAINS his objections to the Government's proposed voir dire questions 37 and 64; and

(6) The Court will only ask the Government's proposed voir dire question 30.

In Allen's motion in limine, he asks the Court to exclude testimony about information Officer Becker received from other officers or anyone other than Allen. In its response, the Government states that the

---

[1] On September 9, 2011, the Court issued an order granting part (c) of this motion, which requests permission to bring weapons into the courtroom [261]. Consequently, this Order does not address part (c).

information Becker received from another surveiling officer will not be used for its truth but to show the effect the information had on Becker, i.e., why he started to follow the automobile that Allen was driving. The Government also indicates that a limiting instruction is appropriate for this evidence. As stated above, the Court denies Allen's motion to exclude this evidence; however, a limiting instruction is appropriate. The Government shall file a limiting instruction with respect to this evidence by 11:59 p.m. on Thursday, September 15.

Allen also states in his motion in limine that he will stipulate that he is a convicted felon and thus pursuant to *Old Chief v. United States*, 519 U.S. 172 (1997), the nature of his felony or felonies should not be admitted. The Government responds that Allen's *Old Chief* stipulation does not preclude it from introducing evidence of Allen's three prior felony drug convictions under Fed. R. Evid. 404(b) in order to show intent. As stated above, the Court denies Allen's motion to exclude this evidence; however, a limiting instruction is appropriate. The Government shall file a limiting instruction with respect to this evidence by 11:59 p.m. on Thursday, September 15.

IT IS SO ORDERED this 13th day of September, 2011.

_____
Timothy C. Batten, Sr.
United States District Judge